IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOHN DOE, : <br> : <br> Plaintiff, : <br> : Civil Action No. 1:18-cv-1413 <br> v. : <br> : Hon. Janet T. Neff <br> MICHIGAN STATE UNIVERSITY, : <br> MICHIGAN STATE UNIVERSITY BOARD : <br> OF TRUSTEES; JOHN ENGLER, individually and : <br> as agent for Michigan State University, KROLL : <br> ASSOCIATES, INC., as agent for Michigan State : <br> University, MARK EHLERS, individually and as : <br> agent for Michigan State University, KENDRA : <br> WALDSMITH, individually and as agent for : <br> Michigan State University, ANDE DUROJAIYE, : <br> individually and as agent for Michigan State : <br> University, RICK SHAFER, individually and as : <br> agent for Michigan State University, and DENISE : <br> MAYBANK, individually and as agent for <br> Michigan State University, <br> <br> Defendants. | |

**DEFENDANTS MICHIGAN STATE UNIVERSITY, MICHIGAN STATE UNIVERSITY BOARD OF TRUSTEES, JOHN ENGLER, ANDE DOROJAIYE, RICK SHAFER AND DENISE MAYBANK'S PRE-MOTION CONFERENCE REQUEST**

Plaintiff John Doe sues Michigan State University and its Board of Trustees, MSU's outside investigator Kroll Associates, Inc., as well as five MSU employees ("Individual Defendants"), contending that they violated his constitutional, Title IX, and state law rights by suspending him for sexually assaulting Jane Roe. Defendants <u>Michigan State University, the Michigan State University Board of Trustees, John Engler, Ande Dorojaiye, Rick Shafer and Denise Maybank</u> respectfully request a pre-motion conference to enable them to move to dismiss his Amended Complaint. Given the length of Doe's Amended Complaint—311 paragraphs and 7 counts—and this submission's three-page limit, the below description of the Defendants' arguments for dismissal as to each claim is necessarily brief, and the Defendants will more fully set forth their arguments and legal authority in their motion to dismiss.

1. **Count 1: 42 U.S.C. § 1983 Claim for Denial of Fourteenth Amendment Due Process Against Individual Defendants**

Doe contends that the Individual Defendants violated his constitutional right to procedural due process, alleging primarily that MSU's use of the "single-investigator" model and other aspects of the school's investigation of Roe's allegations against him were unfair. MSU's adjudication in this case did not violate Plaintiff's constitutional rights. Moreover, the Individual Defendants are entitled to qualified immunity because Doe fails to adequately allege how any particular Individual Defendant's actions violated a clearly established due process right. The Complaint shows that Doe was provided with adequate notice of the allegations against him, and he has failed to show that he had a clearly established right to cross examine Roe.

2. **Count 2: Title IX Claim Against MSU**

Doe maintains that, because he is a man and Roe is a woman, MSU erroneously found him responsible for sexually assaulting her and did not investigate her for sexually assaulting him. Doe fails to plausibly allege that his gender is what caused MSU to act as it did.

In an effort to demonstrate this requisite causation, Doe points to September 2015 findings by OCR that, he contends, pressured MSU to find all males accused of sexual assault guilty, regardless of the evidence.  But the September 1, 2015 OCR findings letter that Doe references shows that MSU did not always find males responsible when accused of sexual assault.  OCR also agreed that, rather than pressuring MSU to find men guilty regardless of the evidence, MSU found two males not responsible for allegedly sexually assaulting a female student.  Moreover, Plaintiff's hearing took place years later, when a new U.S. President's administration was emphasizing respondent rights and criticizing the prior guidance, so it is implausible that MSU would have engaged in gender bias against Doe to appease OCR.

   3.   **Count 3:  Violation of Fourteenth Amendment Equal Protection Against All Defendants**

Count 3 should be dismissed as to MSU and the MSU Board based on Eleventh Amendment immunity.  It should be dismissed as to the Individual Defendants because Doe has not adequately alleged that any Individual Defendant engaged in intentional discrimination and/or treated him differently than a similarly situated female due to Doe's gender.

   4.   **Count 4:  State Law Estoppel and Reliance Claim Against MSU**

Count 4 should be dismissed based on Eleventh Amendment immunity.

   5.   **Count 5:  Violation of Due Process Rights Under Article 1, § 17 of the Michigan Constitution Against All Defendants**

Count 5 should be dismissed based on Eleventh Amendment immunity and Michigan individual government immunity.  It should also be dismissed because Michigan does not permit claims against individual employees for state constitutional violations.

   6.   **Count 6:  Intentional Infliction of Emotional Distress Against All Defendants**

Count 6 should be dismissed as against MSU based on Eleventh Amendment immunity and as against the individual defendants based on Michigan's individual government

immunity.  It also should be dismissed because Doe has not alleged any conduct that was extreme or outrageous.

**7.      Count 7:  Negligent Infliction of Emotional Distress Against All Defendants**

Count 7 should be dismissed as against MSU based on Eleventh Amendment immunity and as against the individual defendants based on Michigan's individual government immunity.  It also should be dismissed because Michigan only recognizes a cause of action for negligent infliction of emotional distress when the plaintiff's alleged distress is caused by witnessing an injury to a third party.

Respectfully submitted,

Dated:  March **, 2019    s/ Michael E. Baughman

_____
Michael E. Baughman, Esq.
Christopher R. Healy
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA  19103-2799
(215) 981-4000
baughmam@pepperlaw.com
*Attorneys for Defendants Michigan State University, Michigan State University Board of Trustees, Ande Durojaiye, Rick Shafer, and Denise Maybank*

## CERTIFICATE OF SERVICE

I certify that on March **, 2019, pursuant to Local Rule 5.7, I filed the foregoing Defendants' Pre-Motion Conference Request through the Court's Electronic Case Filing (ECF) system.

                                                         s/ Michael E. Baughman

                                                         Michael E. Baughman, Esq.