UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE,

      Plaintiff,                               Case No. 1:18-cv-1413

v.                                                  HON. JANET T. NEFF

MICHIGAN STATE UNIVERSITY, et al.,

      Defendants.
_____/

## MEMORANDUM OPINION AND ORDER

Now pending before the Court is Plaintiff's Motion to Proceed Under a Pseudonym (ECF No. 3). Plaintiff initiated this action against Michigan State University, the Michigan State University Board of Trustees, and certain individuals who allegedly acted as agents of Michigan State University. Plaintiff alleges that his right to due process and equal protection were violated by the manner in which Defendants investigated and adjudicated a claim of sexual assault asserted by a fellow student. Plaintiff further claims that Defendants' conduct violated Title IX and numerous provisions of Michigan law. Plaintiff now moves to proceed in this action under the pseudonym John Doe. Defendants do not oppose Plaintiff's motion (ECF No. 28).

Failure by a plaintiff to obtain court approval to proceed anonymously deprives the Court of jurisdiction to hear the matter. *See Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636-37 (6th Cir., Jan. 3, 2005) ("Failure to seek permission to proceed under a pseudonym is fatal to an anonymous plaintiff's case, because . . . 'the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them.'") (citation omitted). While Defendants do

not object to the present motion, the Court nevertheless has an obligation to address the matter given that it affects the Court's jurisdiction.

The Federal Rules of Civil Procedure expressly require that "the complaint must name all the parties." FED. R. CIV. P. 10(a); *see also Ericksen v. United States*, No. 16-cv-13038, 2017 WL 264499 at *1 (E.D. Mich., Jan. 20, 2017) ("The public disclosure of the identities of parties in a lawsuit is required by Federal Rule of Civil Procedure 10(a)."). Plaintiffs are permitted to proceed anonymously only in exceptional circumstances. *See Marsh*, 123 F. App'x at 636. When considering whether a plaintiff should be permitted to prosecute an action anonymously, the Court considers factors such as: (1) whether the plaintiff is challenging governmental activity; (2) whether prosecution of the action will compel plaintiff to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiff to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether plaintiff is a minor. *See Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). Other factors courts consider include: (1) whether the defendants will be prejudiced if the plaintiff proceeds under a pseudonym; (2) whether the plaintiff will suffer harm if he is identified; and (3) the public interest in guaranteeing open access to judicial proceedings without denying litigants access to the justice system. *See EW v. N. Y. Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003) (citations omitted). No one factor is dispositive. *See Doe v. Univ. of Pittsburgh*, No. 1:17-cv-213, 2018 WL 1312219 at *2 (W.D. Mich., Mar. 14, 2018).

Consideration of these factors weighs in favor of granting Plaintiff's motion. Plaintiff is challenging governmental activity, specifically the decision by governmental entities and state actors to expel Plaintiff from a public university on the ground that he sexually assaulted a fellow student. To challenge this activity, Plaintiff will be required to reveal intimate details of his sexual encounter

with the other student in question. Plaintiff will likewise be required to reveal the findings and conclusions made by Defendants in support of their decision. Last, the Court discerns no prejudice to Defendants by granting Plaintiff's motion as Defendants already know Plaintiff's identity.[1]

Finally, the Court notes that Plaintiff is not simply alleging that the process by which he was expelled from Michigan State was deficient, but rather that Defendants inaccurately concluded that he sexually assaulted another student. Plaintiff has a legitimate interest in proceeding pseudonymously to prevent the emotional, reputational and/or professional harm inflicted by a public accusation and "conviction" of sexual assault. As one court recently stated in a similar context, "[i]f Plaintiff's identity is revealed, Plaintiff would suffer the very harm to his reputation that he seeks to remedy by bringing this lawsuit; in other words, if Plaintiff is successful in proving that the charges of sexual misconduct against him were unfounded and that Defendants' procedures violated his due process rights, the revelation of Plaintiff's identity 'would further exacerbate the emotional and reputational injuries he alleges.'" *Doe v. Purdue Univ.*, 321 F.R.D. 339, 341 (N.D. Ind. 2017) (citations omitted). In sum, consideration of the relevant factors weighs in favor of Plaintiff's request to proceed anonymously. Accordingly:

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Proceed Under a Pseudonym (ECF No. 3) is GRANTED.

DATED: April 9, 2019         /s/ Janet T. Neff
                             JANET T. NEFF
                             United States District Judge

---

[1] The Court does not address the propriety or necessity of any protective order or similar order governing the use or revelation of Plaintiff's name during the course of this litigation.