**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JOHN DOE,

        Plaintiff,

   v.

MICHIGAN STATE UNIVERSITY, et al.,

        Defendants.

Case No. 1:18-cv-01413-JTN-ESC

Hon. Janet T. Neff

**DEFENDANTS KROLL ASSOCIATES, INC., MARK EHLERS, AND KENDRA
WALDSMITH'S SECOND PRE-MOTION CONFERENCE REQUEST**

Kroll Associates, Mark Ehlers, and Kendra Waldsmith (collectively, the "Kroll Parties") are private actors previously hired by Michigan State to investigate Doe's alleged sexual assault of Roe.  Doe's original complaint alleged that the Kroll Parties violated his constitutional rights while investigating Roe's claims against Doe.  As explained below, Michigan State's retention of the Kroll Parties did not, as a matter of law, convert them into state actors.  They are therefore not liable for any constitutional violations claimed by Doe.

Two months ago, when this was a just a single plaintiff case, the Court denied as premature the Kroll Parties' request to file a motion to dismiss.  ECF No. 32.  After the Kroll Parties answered, however, Doe dramatically altered the status quo by amending his complaint to allege a class action on behalf of himself and every Michigan State student who has violated, or will violate, the school's sexual assault policy.  ECF No. 41.  Doe's attempt to transform the fact-specific allegations of the original Complaint into a class action case is inconsistent with Sixth Circuit precedent, including a case cited by Doe in the Amended Complaint itself stating that, in cases involving higher education disciplinary decisions, "[t]he amount of process due will vary according to the facts of each case." *Flaim v. Med. Coll. of Ohio*, 418 F.3d 629, 634 (6th Cir. 2005).  Further, there is no allegation that the Kroll Parties investigated any other students' sexual assault claims or, if they did, how many students' sexual assault allegations they investigated.

The Kroll Parties therefore respectfully request a pre-motion conference to enable them to move to dismiss the allegations against them under Rule 12(b)(6) and/or strike the new class allegations.  This request is no longer premature given that Doe is attempting to thrust the Kroll Parties into a sprawling putative (and improper) class action that may have little to do with them.

1

**I.     The Constitutional claims against the Kroll Parties are barred by *NCAA v. Tarkanian*, 488 U.S. 179 (1988).**

The Kroll Parties investigated Doe's alleged sexual assault of Roe, and issued a report summarizing the evidence and expressing their opinion as to whether the preponderance of the evidence supported Roe's allegations. The University, not the Kroll Parties, thereafter punished Doe. Indeed, the Kroll Parties did not have the authority to punish Doe. The Amended Complaint does not allege that the Kroll Parties investigated any other putative class members' alleged school policy violations or attempt to estimate how many investigations were performed by the Kroll Parties.

The law shields private actors like the Kroll Parties from Constitutional claims. The Supreme Court has held that a private party who investigates a claim for a public entity, and even recommends discipline, is not transformed into a state actor. *NCAA v. Tarkanian*, 488 U.S. 179 (1988).

In *Tarkanian*, the NCAA, a private association, investigated the recruiting practices of Tarkanian, the basketball coach at the University of Nevada Las Vegas ("UNLV"), a public university. 488 U.S. at 185–86. Based on the NCAA's recommendation that Tarkanian be disciplined for violations of the NCAA's recruiting rules, UNLV suspended Tarkanian. *Id.* at 186–87. Tarkanian sued UNLV and the NCAA. *Id.* The Supreme Court noted that the case presented a unique question, given that the private entity, the NCAA, did not "take[ ] the decisive step that caused the harm to the plaintiff." *Id.* at 192. Therefore, the question was not "whether UNLV participated to a critical extent in the NCAA's activities, but whether UNLV's actions in compliance with the NCAA rules and recommendations turned the NCAA's conduct into state action." *Id.* at 193. The Court held that they did not. *Id.* at 199. The Court relied on the fact that the NCAA could not "directly discipline Tarkanian or any other state university employee." *Id.*

Rather, the decision to adopt the recommendation of the NCAA was the university's. *Id.* at 197. *Tarkanian* remains the law today. *See, e.g.*, *Caleb v. Grier*, 598 F. App'x 227 (5th Cir. 2015) (private attorneys hired as investigators by a public school district had not engaged in state action when they investigated a district employee and recommended at the close of the investigation that the employee be terminated).

Plaintiff cannot maintain these Constitutional claims against the Kroll Parties under *Tarkanian*. The critical fact is that the Kroll Parties only investigated the allegations, and opined that Plaintiff violated school policy. Michigan State—not the Kroll Parties—then suspended Plaintiff.

The Kroll Parties accordingly request that the Court permit them to brief this issue in a motion to dismiss. The Kroll Parties also join, and incorporate by reference, Michigan State's contention that the class allegations should be stricken at the pleading stage.

**II.     The Kroll Parties are, alternatively, immune from liability.**

In the event the Kroll Parties were state actors (they were not), the Kroll Parties are immune from liability, for all the reasons discussed in Michigan State's pre-motion conference request. The Kroll Parties adopt and incorporate those arguments.

Dated:   July 19, 2019                                   Respectfully submitted,

                                          WINSTON & STRAWN LLP

                                          By:/s/ *Scott M. Ahmad*
                                               Stephen V. D'Amore
                                               Scott M. Ahmad
                                               Reid F. Smith
                                               Winston & Strawn LLP
                                               35 W. Wacker Drive
                                               Chicago, IL 60601
                                               Tel.: (312) 558-5600
                                               Email: sdamore@winston.com
                                               Email: sahmad@winston.com
                                               Email: rfsmith@winston.com

Angela A. Smedley
Winston & Strawn LLP
200 Park Avenue
New York, NY 10166
Tel.: (212) 294-6700
Email: asmedley@winston.com

*Attorneys for Defendants*
KROLL ASSOCIATES, INC., MARK EHLERS, and KENDRA WALDSMITH