IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOHN DOE, : | |
| : | |
| Plaintiff, : | |
| : | Civil Action No. 1:18-cv-1413 |
| v. : | |
| : | Hon. Janet T. Neff |
| MICHIGAN STATE UNIVERSITY, : | |
| MICHIGAN STATE UNIVERSITY BOARD : | |
| OF TRUSTEES; JOHN ENGLER, individually and : | |
| as agent for Michigan State University, KROLL : | |
| ASSOCIATES, INC., as agent for Michigan State : | |
| University, MARK EHLERS, individually and as : | |
| agent for Michigan State University, KENDRA : | |
| WALDSMITH, individually and as agent for : | |
| Michigan State University, ANDE DUROJAIYE, : | |
| individually and as agent for Michigan State : | |
| University, RICK SHAFER, individually and as : | |
| agent for Michigan State University, and DENISE : | |
| MAYBANK, individually and as agent for | |
| Michigan State University, | |
| | |
| Defendants. | |

## MSU DEFENDANTS' RESPONSE TO PLAINTIFF'S
## NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff has asked this Court to consider as persuasive authority Judge Tarnow's recent decision in *Doe v. University of Michigan*, No. 18-11776 (E.D. Mich. issued Mar. 23, 2020). Specifically, Plaintiff asks the Court to follow Judge Tarnow's conclusion that individual University of Michigan defendants were not entitled to qualified immunity for denying the plaintiff in that case a live hearing with the opportunity to conduct live cross-examination of his complainant. However, Judge Tarnow's qualified immunity analysis suffers from the same analytical errors that Plaintiff makes in opposing MSU's motion to dismiss. The Court should not follow it.

First, *Doe v. University of Cincinnati* did not hold, much less clearly establish, that a respondent in a disciplinary case is entitled to a live, court-like adjudicatory hearing; it stated only that the plaintiff was entitled to "'some kind of hearing.'" 872 F.3d 393, 400 (2017) (quoting *Goss v. Lopez*, 419 U.S. 565, 579 (1975)). Plaintiff here was given "some kind of hearing" through in-person meetings with the investigator, during which he presented his side of the story to the decision maker, who had the opportunity to assess his credibility. The Supreme Court has "repeatedly told courts . . . not to define clearly established law at a high level of generality." *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011) (citations omitted). "[T]he clearly established law must be 'particularized' to the facts of the case." *White v. Pauly*, 137 S. Ct. 548, 552 (2017). *University of Cincinnati*'s "general statement" that the plaintiff was entitled to some kind of hearing could not have placed it "beyond debate" that respondents in disciplinary hearings in which credibility is at issue are entitled to a *live* hearing, with *live* cross examination in a court-like adjudicatory hearing. *Id*. Thus, Judge Tarnow's conclusion that *University of Cincinnati* clearly established the right to a live hearing is wrong. Clearly established law for qualified immunity purposes requires "**binding precedent** from the Supreme Court, the Sixth Circuit, the district court itself, or other circuits that is **directly on point**." *Kennedy v. City of Villa Hills*, 635 F.3d 210, 214–15 (6th Cir. 2011) (emphasis added).[1]

Further, *University of Cincinnati* could not have clearly established a right to a live, court-like adjudicatory hearing, because the plaintiff had received one, and thus that was not a contested issue in that case. 872 F.3d at 396–98. The court's discussion of entitlement to a live

---

[1] "In an extraordinary case, it may be possible for the decisions of other courts to clearly establish a principle of law." *Ohio Civil Service Employees Ass'n v. Seiter*, 858 F.2d 1171 (6th Cir. 1988). But Plaintiff does not rely on precedent from outside the Sixth Circuit, and at least one other circuit court has declined to follow *Baum*. See *Haidak v. Univ. of Mass.-Amherst*, 933 F.3d 56, 69 (1st Cir. 2019).

hearing, therefore, was dicta, and "clearly established law comes from holdings, not dicta. . . . Dictum is not law, and hence cannot be clearly established law." *Morrow v. Meachum*, 917 F.3d 870, 875, 879-80 (5th Cir. 2019).

Second, Judge Tarnow's analysis neglected the Sixth Circuit's decision in *Doe v. Cummins*, which **approved** a "circumscribed form of cross-examination" consisting of submitting "written questions to" a disciplinary panel, which "did not ask all of the questions [the plaintiff] submitted," and which did not allow "follow-up questions." 662 Fed. App'x 437, 448 (6th Cir. 2016). The Sixth Circuit in *University of Cincinnati* cited *Cummins* and did not disapprove of the cross-examination procedures employed there, which are materially the same procedures that Michigan State University employed here for cross-examination.

Finally, Judge Tarnow's characterization of *Doe v. Northern Michigan University*, 393 F. Supp. 3d 683, 696 (W.D. Mich. 2019), as involving a "fundamentally different" issue, Slip Op. at 17, was also wrong. Although the plaintiff in *Northern Michigan* had initially affirmed the charges against him (though he retreated from that admission later), Judge Quist's conclusion that *University of Cincinnati* did not render it "entirely clear that a student was entitled to a live hearing" did not turn on whether the plaintiff had disputed the charges. 393 F. Supp. 3d at 691. Judge Quist noted only as an additional observation that "*University of Cincinnati* required that the student be given an opportunity to share his version of events . . . at some kind of hearing, only after the student had denied responsibility for the allegations." *Id*. (quotation marks and citations omitted).

Accordingly, Judge Tarnow's qualified immunity analysis was incorrect, and the Court should not follow it in deciding MSU's motion to dismiss.

<table>
<tr><td>Dated: April 1, 2020</td><td>Respectfully submitted,<br><br>s/ Michael E. Baughman<br>_____<br>Michael E. Baughman, Esq.<br>Christopher R. Healy<br>PEPPER HAMILTON LLP<br>3000 Two Logan Square<br>Eighteenth & Arch Streets<br>Philadelphia, PA  19103-2799<br>(215) 981-4000<br>baughmam@pepperlaw.com<br>*Attorneys for Defendants Michigan State University, Michigan State University Board of Trustees, John Engler, Ande Durojaiye, Rick Shafer, and Denise Maybank*</td></tr>
</table>

## CERTIFICATE OF SERVICE

I certify that on April 1, 2020, pursuant to Local Rule 5.7, I filed the foregoing MSU Defendants' Response to Plaintiff's Notice of Supplemental Authority through the Court's Electronic Case Filing (ECF) system.

        s/ Michael E. Baughman

        Michael E. Baughman, Esq.